# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| vs. ) | **CASE NO. 15-50472** |
| ) | |
| WILLIAM RICHARD BAILEY, ) | |
| ) | |
| Defendant-Appellant. ) | |
| _____ ) | |

On Appeal from the United States District Court
Southern District of California
Hon. Cathy Ann Bencivengo, District Judge

## <u>APPELLANT'S MEMORANDUM RE NOVEMBER 4, 2015 ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED</u>

**DAVID M. MICHAEL (CSB #74031)**
**EDWARD M. BURCH (CSB # 255470)**
**Law Offices of David Michael**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone: (415) 946-8996**
**Email: <u>david@davidmichaellaw.com</u>**

**SCOTT W. GROSS (MI BAR # P43094)**
**P. O. Box 380257**
**Clinton Twp., MI 48038**
**586-416-8000**
**Email: swglaw@sbcglobal.net**

**Attorneys for Appellant**
**WILLIAM RICHARD BAILEY**

Appellant, William Richard Bailey ("Dr. Bailey"), by and through Counsel David M. Michael, Edward Michael Burch, and Scott W. Gross, presents his Memorandum re this Court's ORDER of November 4, 2015 to show cause why his appeal should not be dismissed for lack of jurisdiction.

## I.   **INTRODUCTION**

This Court's ORDER provided, in part:

> Within 21 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction.

Appellant Bailey asserts herein three separate grounds upon which this Court may assert jurisdiction to hear this appeal or, alternatively, treat this appeal as a petition for mandamus: Collateral Order exception to 28 U.S.C. § 1291; pendent appellate jurisdiction; and mandamus for denial of jury trial rights.

## II.   **BACKGROUND – APPELLANT NEEDS THIS COURT'S ASSISTANCE TO EXERCISE CONSTITUTIONAL RIGHTS DENIED BELOW.**

Appellant, Dr. Bailey, is a physician who was indicted on eight counts of tax evasion under IRC § 7201 on August 15, 2013.  Crim. Dkt. #1. The Indictment alleged that Dr. Bailey had used a trust and an unincorporated business trust organization "during at least calendar years 2004 through 2011 for the purpose of concealing from the Internal Revenue Service income from defendant BAILEY's practice as a physician." *Id*. at ¶ 3.

The Indictment also stated:

> On or about October 31, 2007, defendant BAILEY appeared before the U.S. Tax Court in the Southern District of California, and the Court made a finding that BAILEY had taxable income that must be reported to the Internal Revenue Service.

*Id*. at ¶ 9. The 2007 Tax Court decision, *William R. Bailey v. Commissioner*, Docket No. 3910-07 (2007), affirmed the income-tax deficiency determined by the IRS for tax year 1998 and was affirmed by this Court, *Bailey v. Commissioner*, No. 08-71260 (9th Cir. Oct. 22, 2009).

In pretrial proceedings before the District Court, the United States provided IRS record-transcripts for tax year 1998 from which Dr. Bailey concluded that the IRS had deliberately fabricated false evidence to determine the 1998 deficiency and used the falsely fabricated deficiency as the jurisdictional prerequisite to allow the Tax Court to re-determine the 1998 deficiency. He then filed a Motion to Dismiss with the District Court, Dkt. 93, on August 3, 2015, claiming that the Government obtained the Indictment based on the false evidence deliberately fabricated by the IRS which led to the deficiency and the Tax Court decision. See *Devereaux v. Abbey*, 263 F.3d 1070, 1074-1075 (9th Cir.2001) (*en banc*) ("we are persuaded that there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government"). The United States opposed the Motion to Dismiss, Dkt. 95. The District Court denied the Motion to Dismiss by minute order

entered on the criminal docket on September 25, 2015.

Dr. Bailey filed a timely Motion for Reconsideration of the Denial of Defendant's Motion to Dismiss on October 9, 2015 (Dkt. 107), which was denied summarily on October 20, 2015. (Dkt. 111) This timely appeal followed on November 3, 2015. (Dkt. 112)

## III.   ARGUMENT

### A. Jurisdictional Basis #1: This Court has Jurisdiction under the Collateral Order Exception to 28 U.S.C. § 1291.

#### 1. Legal Standards

Under the collateral order doctrine, a litigant may appeal from a "narrow class of decisions that do not terminate the litigation, but must, in the interest of achieving a healthy legal system, nonetheless be treated as final." *Digital Equip. Corp. v. Desktop Direct, Inc*., 511 U.S. 863, 867 (1994) (internal quotations and citations omitted); *Metabolic Research, Inc. v. Ferrell*, 693 F.3d 795, 798 (9th Cir. 2012). The conditions for meeting the collateral order doctrine are "stringent." *Digital Equip. Corp*., 511 U.S. at 868. Though often referred to as an exception, the collateral order doctrine is "best understood" as a "practical construction" of the final judgment rule. *Digital Equip. Corp*., 511 U.S. at 867. The court "must be cautious in applying this doctrine, because once one order is identified as collateral, all orders of that type must be considered collaterally." *Comm'r v. JT USA, LP*, 630 F.3d 1167, 1172 (9th Cir. 2011)

4

To be immediately appealable, a collateral order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (citations omitted). All three requirements must be satisfied to qualify as collateral order for the purpose of appeal. S*ee also Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065, 1068 (9th Cir. 2008) (explaining that the court lacks jurisdiction if even one element is not met). The appealability of a collateral order should be determined "for the entire category to which a claim belongs." *Digital Equip. Corp,* 511 U.S. at 868 (citations omitted); *see also Metabolic Research,* 693 F.3d at 799 (explaining the court must "identify the category of cases to which [the] case belongs and consider a rule that will work for all cases in the category, regardless of whether the order in question is correct.").

In the criminal context, the Supreme Court has found only three types of criminal pretrial orders which are immediately appealable under the collateral order doctrine: those denying an appellant's Speech or Debate Clause defense, those denying motions to dismiss based on the Double Jeopardy Clause, and those denying motions to reduce bail.[1] For example, the Court, in *Abney v. United States*,

---

[1] See *Helstoski v. Meanor*, 442 U.S. 500, 506–08 (1979) (allowing immediate appeal from an order denying an appellant's Speech or Debate Clause defense); *Abney v. United States*, 431 U.S. 651, 659 (1977) (allowing immediate appeal from

allowed an immediate appeal from a pretrial order denying a motion to dismiss an

indictment based on double jeopardy grounds, determining that the order was final

because (1) no further steps could be taken to avoid a trial the defendant claimed

was barred by the Fifth Amendment, (2) the claim was separate from the principal

issue of whether the defendant was guilty of the offense charged, and (3) "the

rights conferred . . . by the Double Jeopardy Clause would be significantly

undermined if appellate review of double jeopardy claims were postponed until

after conviction and sentence." 431 U.S. at 659–60.  Here, this collateral order

appeal should be allowed because it is similar to the appeal allowed in *Abney*.

> ### 2. The <u>District</u> Court's denial of Dr. Bailey's Motion to Dismiss and Motion for Reconsideration "conclusively determine[d] the disputed question" raised in the motions.

The question in the motions was: Is the indictment and prosecution of this

case based upon false evidence deliberately fabricated by the IRS, a violation of

Dr. Bailey's rights under the Fifth Amendment?  The Court has scheduled a trial in

this matter to commence on January 25, 2015. But for this appeal, there is nothing

Dr. Bailey can do, at this point, to avoid a trial that the Fifth Amendment bars as a

matter of Constitutional law.

---

an order denying a motion to dismiss based on double jeopardy grounds); *Stack v. Boyle*, 342 U.S. 1, 6 (1951) (allowing immediate appeal from an order denying a motion to reduce bail).

### 3. The District Court's denial "resolve[d] an important issue completely separate from the merits of the action."

Whether the indictment or prosecution is based upon false evidence deliberately fabricated by the IRS is an "issue completely separate" from the three elements of IRC § 7201– tax deficiency, affirmative act(s), and willfulness.

In *Digital Equipment Corp*., the Court stated that the only matters of sufficient importance to merit a collateral appeal were "those originating in the Constitution or statutes". 511 U.S. at 879. Here, the importance of Dr. Bailey's defenses or arguments is presumed because they are based in the Fifth and Seventh Amendments to the U.S. Constitution and, therefore, come within the scope of *Digital Equipment's* importance jurisprudence.

### 4. The District Court's denial is "effectively unreviewable on appeal from a final judgment."

In making the determination of whether a particular interlocutory appeal meets the *Cohen v. Beneficial Indus. Loan Corp*., 337 U.S. 541, 546 (1949), criteria for review, "the decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605, 175 L. Ed. 2d 458 (2009) (citing *Will v. Hallock*, 546 U.S. 345, 352-53 (2006)).

Where the propriety of an interlocutory appeal has been upheld, the Supreme

Court has found that the case, "in addition to satisfying the other requirements of *Cohen*, involved 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" U*nited States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 266 (1982) (*quoting United States v. McDonald*, 435 U.S. 850, 860 (1978)). Thus, the Supreme Court has applied the collateral order doctrine to permit interlocutory appeals in criminal cases "only when observance of [the rule of finality] would practically defeat the right to any review at all." *Cobbledick v. United States*, 309 U.S. 323, 324-25 (1940).

Similarly, the Supreme Court has emphasized "the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges. The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." *Hollywood Motor Car Co., Inc.*, 458 U.S. at 269. Should he prevail in this appeal and have the case dismissed, Dr. Bailey recognizes that the Government may seek and obtain an indictment for tax evasion without the constitutional defects present in the current indictment and prosecution. Thus, because he does not seek dismissal of the charges themselves, the Court has jurisdiction to hear this appeal.

The right not to be charged and prosecuted based upon false evidence deliberately fabricated by the Government has been recognized by this Court. See *Devereaux v. Abbey*, 263 F.3d 1070, 1074-1075 (9th Cir.2001) (*en banc*). . "[A]ll

8

courts that have directly confronted the question . . . agree that the deliberate manufacture of false evidence contravenes the Due Process Clause." *Whitlock v. Brueggemann*, 682 F.3d 567, 585 (7th Cir. 2012), *cert. denied* 133 S. Ct. 981 (2013). This judicial agreement includes ten circuit courts. See *Limone v. Condon*,372 F.3d 39, 44–45 (1st Cir. 2004) (describing as "self-evident" that deliberate fabrication of evidence is unconstitutional); R*icciuti v. NYC Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997); *Washington v. Wilmore*, 407 F.3d 274, 282 (4th Cir. 2005); *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (*en banc*); *Gregory v. City of Louisville*, 444 F.3d 725, 744–45 (6th Cir. 2006); *Whitlock*, 682 F.3d at 585–86;*Wilson v. Lawrence Cnty*., 260 F.3d 946, 954 (8th Cir. 2001); *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (*en banc*); *Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004); *Jones v. Cannon*, 174 F.3d 1271, 1289 (11th Cir. 1999). No circuits depart from this rule. Judge Kleinfeld stated the issue succinctly: "Anyone who acts on behalf of the government should know that a person has a constitutional right not to be 'framed.'" *Devereaux*, 263 F.3d at 1084 (Kleinfeld, J., concurring in part, and dissenting in part). Thus, it is the right not to be charged and tried on false, fabricated charges which cannot be vindicated after trial – not the charges themselves – which offends the constitutional right to be free of such charges and prosecution. No review, however favorable it might be to Dr. Bailey, will restore to

him the right, secured by the Constitution, to be free of such tainted charges and

prosecution.

> The *Cohen* test is strictly applied, particularly in criminal cases, *id*., where "an interlocutory order is appealable only where it affects a 'right not to be tried.' " *United States v. Samueli*, 582 F.3d 988, 992 (9th Cir.2009) (*quoting United States v. Austin*, 416 F.3d 1016, 1022 (9th Cir.2005)); *cf. Flanagan v. United States*, 465 U.S. 259, 264–65 (1984) (discussing the importance of the final judgment rule in criminal cases which "has led the Court to permit departures from the rule 'only when observance of it would practically defeat the right to any review at all' ") (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25 (1940)).

*United States v. Valdez*, 663 F.3d 1056, 1057-1058 (9th Cir. 2011). This appeal fits

within the *Valdez* jurisdictional parameters. Delaying review until the entry of final

judgment would imperil the substantial public interest of individuals being free

from charges falsely framed by the Government.

The Court below did not decide the Motion to Dismiss on the merits.

Instead, it issued an oral ruling that precluded the issues set forth in the Motion

from being raised pretrial or at trial. The Court misapprehended that the Motion to

Dismiss was an attempt by the Defense to attack the validity of the 2007 Tax Court

judgment. The lower Court's "denial" was, in effect, a denial of its jurisdiction to

hear the Motion to Dismiss and not a decision on the merits of the Motion. See

Declaration of David M. Michael, attached hereto, at ¶¶ 4-6.

The Motion to Dismiss is not a defense to the merits of the charges under

IRC § 7201. Rather, it is an argument, raised under Fed. R. Crim. Proc. 12(b)(1),

that the argument in the Motion presents a legal bar to prosecution, not a defense to be raised at trial. The lower Court's failure to decide the merits violated Rule 12(d) (*Ruling on a motion*), which provides that

> The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record.

This rule of procedure secures to Dr. Bailey the right not to be tried until his Motion to Dismiss is decided on the merits before trial.

The Rules Enabling Act, at 28 U.S.C. § 2072(b), provides that procedural "rules shall not abridge, enlarge or modify any substantive right." Therefore, the lower Court's requirement under Rule 12(d) to decide the merits of the Motion to Dismiss pretrial must fall within the scope of Dr. Bailey's substantive right to have the Motion heard and decided pretrial and not on review after trial.

This Court should find that it has jurisdiction to hear this appeal under the *Cohen* collateral order doctrine.

**B. Jurisdictional Basis #2: This Court should exercise pendent appellate jurisdiction to hear this appeal.**

This Court can exercise pendent appellate jurisdiction because it currently has jurisdiction in *William Bailey v. CIR*, No. 15-73241, Docketed 10/22/2015.

> Even where an issue cannot independently be reviewed on interlocutory appeal because it does not meet the requirements of 28 U.S.C. § 1291 or the collateral order doctrine, an appellate court may nonetheless review the issue

11

if it is "inextricably intertwined" with or "necessary to ensure meaningful review of" an issue over which it does have jurisdiction. See *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000) (*quoting Swint v. Chambers County Comm'n*, 514 U.S. 35, 50-51 (1995)).

*Ruud v. U.S. Dept. Of Labor*, 347 F.3d 1086, 1089 (9th Cir. 2003).

The Government itself has asserted that the tax court trial is "inextricably intertwined" with the prosecution. "The United States hereby provides notice to Defendant of its intent to introduce Defendant's tax court trial as inextricably intertwined . . ." United States' Response in Opposition to Defendant's Motions [for Discovery]. Dkt. 46 at 24:26-27.

As noted, at its hearing on the Motion to Dismiss, September 24, 2015, the lower Court did not address the false evidence issue, except to state that it had no jurisdiction to hear the substance of the Motion to Dismiss.

However, the Court did suggest that Dr. Bailey consider filing a Rule 60(b) motion for relief in the tax court on the issues raised in the Motion to Dismiss. Dr. Bailey followed the Court's advice. His Motion to Vacate, filed in the tax court, was dismissed summarily and is now on appeal to this Court in *William Bailey v. CIR*, No. 15-73241, Docketed 10/22/2015.

The Ninth Circuit standard for "inextricably intertwined" cases is narrow:

We have consistently interpreted "inextricably intertwined" very narrowly. In *California v. Campbell*, 138 F.3d 772 (9th Cir. 1998), for instance, we stated that "[g]iven the Supreme Court's criticism of pendent appellate jurisdiction, the Court's 'inextricably intertwined' exception should be narrowly construed." *Id*. at 778. "[M]ore is required than that separate issues

> rest on common facts." U*nited States v. Oakland Cannabis Buyers' Coop.*, 190 F.3d 1109, 1113 (9th Cir. 1999). Two issues are not "inextricably intertwined" if we must apply different legal standards to each issue. Rather, the legal theories on which the issues advance must either (a) be so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal, see, e.g., *Paige v. California*, 102 F.3d 1035, 1040 (9th Cir. 1996), or (b) resolution of the issue properly raised on interlocutory appeal necessarily resolves the pendent issue, see, e.g., *Marks v. Clarke*, 102 F.3d 1012, 1018 (9th Cir. 1996).

*Cunningham v. Gates*, 229 F.3d 1271, 1284-1285 (9th Cir. 2000).

Here, both appeals involve a common factual background and raise a common legal question. Because the District Court preferred to have the substance of Dr. Bailey's Motion to Dismiss first litigated in tax court under Rule 60(b), the two appeals before this Court are, in substance and effect, "inextricably intertwined" and should be heard under this Court's pendent appellate jurisdiction. In other words, the determination by this Court in *William Bailey v. CIR*, No. 15-73241, will be a determining factor as to the admissibility of the same issue in this tax prosecution case.

Moreover, as discussed in the next section, this Court may also treat this appeal alternatively as a petition for mandamus, exercise mandamus jurisdiction and hear both appeals as pendent to the mandamus jurisdiction.

This Court should exercise pendent appellate jurisdiction to hear both appeals on the merits.

### C. Jurisdictional Basis #3: This Court should treat this appeal alternatively as a Petition for Mandamus.

13

This Court has discretion to construe an appeal as a petition for writ of mandamus. See *Reynaga v. Cammisa*, 971 F.2d 414, 418 (9th Cir. 1992); *see also United States v. Zone*, 403 F.3d 1101, 1110 (9th Cir. 2005) ("[W]e may even construe an appeal as a petition for writ of mandamus *sua sponte*."). However, this Court will construe an appeal as a writ petition only in an "extraordinary case," *Lee v. City of Beaumont*, 12 F.3d 933, 936 (9th Cir. 1993), *overruled on other grounds by California Dep't of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

In determining whether to construe an appeal as a petition, the court generally evaluates the appeal in light of the *Bauman* factors. See *Lee*, 12 F.3d at 936, *overruled on other grounds by California Dep't of Water Resources, v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). "But *Bauman* does not apply in the extraordinary case where the petitioner claims erroneous deprivation of a jury trial." *Cnty. of Orange v. United States Dist. Court*, 784 F.3d 520, 526 (9th Cir. 2015).

> Thus where, as here, the mandamus petition alleges the erroneous deprivation of a jury trial, the *Bauman* factors are inapplicable and "the only question presented . . . is whether the district court erred in denying petitioner's request for a jury trial." *Mondor*, 910 F.2d at 586. Furthermore, we may issue the writ even if "the petitioner is unable to show a 'clear and indisputable' right" to it. *Wilmington Trust*, 934 F.2d at 1028.

*Cnty. of Orange*, 784 F.3d at 526.

14

Here, the false evidence deliberately manufactured by the IRS denied to Dr. Bailey the right to insist that a jury, not the IRS, determine the taxes he may have evaded or attempted to evade. At common law, the right to have a jury, not government officials, determine debts due to the government was well settled and, therefore, preserved by the Seventh Amendment to the U.S. Constitution. Dr. Bailey asserted this right to the lower Court explicitly in his Reply (Dkt. 103) to the Government's Response in Opposition to his Motion to Dismiss. See Dkt. 103 at 7-18.

The lower Court did not address this issue in its oral or written denial of the Motion to Dismiss. See Declaration of David M. Michael, attached hereto, at ¶ 7. This Court may treat this appeal alternatively as a petition for mandamus for wrongful denial of his jury trial rights under the Seventh Amendment and set a briefing schedule for the parties.

## **CONCLUSION**

For the reasons cited herein, Dr. Bailey respectfully asks this Court to find that it has jurisdiction to hear this case on the merits.

*s/David M. Michael*
DAVID M. MICHAEL

Attorney for Defendant
WILLIAM RICHARD BAILEY

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on November 25, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are, or have applied to be, registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/David M. Michael*
DAVID M. MICHAEL

Attorney for Defendant
WILLIAM RICHARD BAILEY