# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| vs. ) | CASE NO. 15-50472 |
| ) | |
| WILLIAM RICHARD BAILEY, ) | |
| ) | |
| Defendant-Appellant. ) | |
| _____ ) | |

On Appeal from the United States District Court
Southern District of California
Hon. Cathy Ann Bencivengo, District Judge

### APPELLANT'S REPLY IN SUPPORT OF MEMORANDUM FOLLOWING NOVEMBER 4, 2015 ORDER TO SHOW CAUSE WHY APPEAL SHOULD NOT BE DISMISSED

**DAVID M. MICHAEL (CSB #74031)**
**EDWARD M. BURCH (CSB # 255470)**
**Law Offices of David Michael**
**One Sansome Street, Suite 3500**
**San Francisco, CA 94104**
**Telephone: (415) 946-8996**
**Email: david@davidmichaellaw.com**

**SCOTT W. GROSS (MI BAR # P43094)**
**P. O. Box 380257**
**Clinton Twp., MI 48038**
**586-416-8000**
**Email: swglaw@sbcglobal.net**

**Attorneys for Appellant**
**WILLIAM RICHARD BAILEY**

Appellant, William Richard Bailey ("Dr. Bailey"), by and through Counsel David M. Michael, Edward Michael Burch, and Scott W. Gross, hereby replies in support of his Memorandum Following November 4, 2015 Order to Show Cause Why Appeal Should Not Be Dismissed.

## I. INTRODUCTION

As an initial matter, the government, in its opposition to Appellant Dr. Bailey's Memorandum re this Court's November 4, 2015 Order to Show Cause, mischaracterized its pleading as a "Reply to Defendant's Response". This is wrong. In fact, Dr. Bailey's memorandum was the first pleading following this Court's OSC. The government's subsequent pleading is, therefore, properly characterized as its "response" or "opposition" and this brief is properly characterized as a "reply".

## II. REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO DR. BAILEY'S CLAIMS OF THIS COURT'S JURISDICTION.

### A. Jurisdictional Basis #1: This Court has Jurisdiction under the Collateral Order Exception to 28 U.S.C. § 1291.

#### 1. The District Court's denial of Dr. Bailey's Motion to Dismiss and Motion for Reconsideration "conclusively determine[d] the disputed question" raised in the motions.

The Government stated:

Bailey cannot satisfy the first prong of the *Cohen* test because the pretrial order does not "conclusively determine the disputed question"; the district court refused to re-litigate the tax court proceedings associated with a tax year that is not charged in the indictment.

2

Government Response (Dkt. Entry 4-1) ("GR" hereafter) at 8 n.2.

The District Court's ORDER (Crim. Dkt. 111) reads, in part:

> The Court previously found that the Defendant's theories challenging the evidence in his 1998 tax deficiency proceedings were rejected by the Tax Court and concluded his arguments did not support dismissal of the present indictment.
> The Defendant has now submitted his fraud theory to the Tax Court and that Court found his arguments "erroneous as a matter of law and immaterial as to facts." This Court finds no basis to reconsider its previous decision denying the motion to dismiss the indictment. Defendant's motion for reconsideration is **DENIED**.

Crim. Dkt. 111 at 2:14-21.

Dr. Bailey litigated his Motion to Dismiss based on his claim that both the Indictment and the prosecution are based upon false evidence deliberately fabricated by the IRS, that such manufactured fraud permeated the IRS deficiency proceedings, the tax court proceedings, the indictment process and the pretrial proceedings, and further claims that they threaten to permeate the trial proceedings, now scheduled to begin in late January 2016.

The District Court denied Dr. Bailey's Motion to Dismiss and his Motion for Reconsideration, as stated in the District Court's ORDER (Crim. Dkt. 111). The ORDER indicates that the District Court was aware of Dr. Bailey's "fraud theory" and yet "concluded his arguments did not support dismissal of the present indictment." It can hardly be doubted that the District Court conclusively determined the disputed question underlying Dr. Bailey's Motion to Dismiss which

3

constitutes the substance of this appeal.

### 2. The District Court's denial "resolve[d] an important issue completely separate from the merits of the action."

The Government next stated:

Bailey also cannot meet the second prong of the *Cohen* test. Bailey's claim that the IRS engaged in some alleged misconduct associated with a tax year that is not charged in the indictment, that was fully litigated in tax court with the culmination of trial, and was appealed to this Court is not an "important issue" in this case. GR. at 8 n.3.

The Government asks this Court to conclude that the basis of Dr. Bailey's fraud claim is isolated to the tax court proceedings and, therefore, "not an 'important issue' in this case."

The Government's attempt misrepresents the facts. In fact, the false evidence allegation involved evidence deliberately fabricated by the IRS during the deficiency proceedings, actively presented by IRS counsel in the tax court proceedings, permeated the present Indictment (with specific references), permeated the Indictment pretrial proceedings and threatens to now permeate the trial, with the government intending to introduce the 2007 tax court proceedings in the trial of Dr. Bailey. The alleged fraud, thus, has permeates all phases of this case and now threatens to permeate the trial, itself, if this Court will not exercise jurisdiction to hear Dr. Bailey's claim at this stage of the proceedings.

However, as Dr. Bailey has previously noted, his claim of fraud is completely separate from the merits of the charges under IRC § 7201. Government

4

manufactured fraud is not a defense to tax evasion. If the indictment is dismissed and thereafter the indictment, pretrial and trial proceedings are purged of the alleged Government manufactured fraud, Dr. Bailey acknowledges that he will be required to defend the charges of tax evasion on the merits.

In other words, Dr. Bailey seeks the dismissal of an Indictment procured with false evidence deliberately fabricated by the Government; he does not seek dismissal of the charges themselves or the prosecution thereto on that basis. His claim on this appeal is completely separate from the merits of the charges.

The importance of his claim is presumed, because it originates in the Constitution. *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) (the only matters of sufficient importance to merit a collateral appeal were "those originating in the Constitution or statutes.") 511 U.S. at 879.

### 3. The District Court's denial is "effectively unreviewable on appeal from a final judgment."

The Government stated that "Bailey cannot meet the third prong of the *Cohen* test to show that the denial of his motion to dismiss the indictment is unreviewable on appeal from a final judgment." GR at 8-9. It relies for support of its claim, to a great degree, on "*United States v. Moreno-Green*, 881 F.2d 680, 681 (9th Cir. 1989) (finding that district court's order denying motion to dismiss the indictment for alleged prosecutorial misconduct did not satisfy the stringent requirements of the collateral order doctrine)." GR at 8.

However, none of the issues in *Moreno-Green* encompassed false evidence deliberately fabricated by the Government:

> In this case, the defendants contend the indictment should be dismissed because: (1) the government failed to present to the grand jury exculpatory information concerning the credibility of an informant witness; (2) the government improperly presented to the grand jury evidence of a gun found in one of the defendant's residence; (3) the government improperly informed the grand jury that all of the defendants had invoked their right to counsel; (4) the government improperly informed the grand jury that all the defendants had made "relatively high bonds"; (5) the prosecutor improperly acted as a witness before the grand jury; (6) a grand jury witness improperly expressed an opinion; and (7) the government's procedure in presenting the case to the grand jury raised a claim of vindictive indictment.

*Moreno-Green*, 881 F.2d at 681.

*Moreno-Green* then found that the last two issues were reviewable on appeal. *Id.* at 681 (citation omitted). The Court then stated:

> Defendants' first five claims allege prosecutorial misconduct affecting the grand jury charging process. These claims do not challenge the fundamental fairness of the criminal prosecution. Instead, they merely challenge the procedures by which the grand jury decided to indict defendants.

*Id.*

Unlike the defendants in *Moreno-Green*, Dr. Bailey *does* challenge the fundamental fairness of both the indictment and the criminal prosecution, but *does not* challenge the merits of a tax evasion Indictment and prosecution, if untainted by false evidence deliberately fabricated by the Government.

Later, *Moreno-Green* stated: "Only a defect 'so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an

6

indictment, gives rise to the constitutional right not to be tried.'" 881 F.2d at 684, *quoting Midland Asphalt Corp. v. United States*, ___ U.S. ___, 109 S.Ct. 1494, 1499 (1989).

Here, Dr. Bailey claims that the indictment was obtained by false evidence intentionally and deliberately fabricated by the IRS. Such a defect is so fundamental as to cause the indictment to "no longer be an indictment" and thereby gives rise to the right not to be tried.

As previously noted to this Court, the Supreme Court has emphasized "the crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges. The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." U*nited States v. Hollywood Motor Car Co., Inc*., 458 U.S. 263, 269 (1982). Should Dr. Bailey prevail in this appeal and have the case dismissed, he recognizes that the Government may seek and obtain an indictment for tax evasion without the constitutional defects present in the current Indictment and prosecution. Thus, because he does not seek dismissal of the charges themselves, the Court has collateral order jurisdiction to hear this appeal. His right not to be tried on false evidence deliberately fabricated by the Government can only be realized if vindicated prior to trial.

> **B. Jurisdictional Basis #2: <u>This Court should exercise pendent appellate jurisdiction to hear this appeal</u>.**

The Government argued that this Court lacks pendent appellate jurisdiction in this case:

> The Supreme Court has stated that pendent claims are appealable "if, and only if, they too fall within *Cohen's* collateral-order exception to the final-judgment rule." *Abney v. United States*, 431 U.S. 651, 663 (1977). Under this formulation, the Court does not have jurisdiction over Bailey's motion to dismiss because, as noted above, the motion to dismiss does not fall within the collateral-order exception.

GR at 10. This, of course, is not entirely accurate. "[T]he Supreme Court [has] declined to settle definitively 'whether or when it may be proper for a court of appeals, with jurisdiction over one ruling, to review, conjunctively, related rulings that are not themselves appealable.'" *K. W. v. Armstrong*, 789 F.3d 962, 975 (9th Cir. 2015) (*citing Meredith v. Oregon*, 321 F.3d 807, 812, as amended by 326 F.3d 1030 (9th Cir. 2003) (*quoting Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50-51 (1995))) (Brackets in *K.W.*)

*K.W.* noted further:

> We may exercise pendent jurisdiction over an otherwise nonappealable issue only in two "narrow" circumstances: (1) if it is "'inextricably intertwined' with" or (2) "'necessary to ensure meaningful review of'" the order properly before us on interlocutory appeal.

*K.W.*, 789 F.3d at 975, citing *Meredith*, 321 F.3d at 813 (*quoting Swint*, 514 U.S. at 51). Here, this Court has direct-appeal jurisdiction in *William Bailey v. CIR*, No. 15-73241, Docketed 10/22/2015. It also has mandamus jurisdiction on Dr. Bailey's claim of denial of right to jury trial, as set forth below in Jurisdictional Basis #3.

8

However, *K.W.* explained further:

> To justify the exercise of pendent jurisdiction, "the legal theories on which the issues advance *must* either (a) be so intertwined that we must decide the pendent issue in order to review the claims properly raised on interlocutory appeal . . . , or (b) resolution of the issue properly raised on interlocutory appeal *necessarily resolves* the pendent issue."

*K.W.*, 789 F.3d at 975, *quoting Cunningham v. Gates,* 229 F.3d 1271, 1285 (9th Cir. 2000) (emphases in *K.W.*).

Here, the issue raised in both *William Bailey v. CIR*, No. 15-73241, and in the mandamus petition "necessarily resolves the pendent issue" raised in this appeal. The factual and legal issues in all three instances are the same: *Factual Issue*: Whether the IRS deliberately created false evidence used as the basis of the indictment and the prosecution? *Legal Issue*: If so, does the Constitution secure to Dr. Bailey the right to be free of the indictment and prosecution founded thereon?

This Court should exercise pendent appellate jurisdiction to hear both appeals on the merits.

### C. Jurisdictional Basis #3: This Court should treat this appeal alternatively as a Petition for Mandamus.

In its opposition to Dr. Bailey's alternative to treat his appeal as a petition for mandamus, the Government stated: "Only exceptional circumstances warrant the issuance of a writ of mandamus, and Bailey's case is not so exceptional." GR at 13. The Government previously noted that Dr. Bailey's mandamus petition failed to meet the equivalent of the *Bauman* factors. GR at 12-13.

However, as noted in Dr. Bailey's Memorandum to this Court, "*Bauman* does not apply in the extraordinary case where the petitioner claims erroneous deprivation of a jury trial." *Cnty. of Orange v. United States Dist. Court*, 784 F.3d 520, 526 (9th Cir. 2015).

The resolution of the District Court's erroneous denial of his right to jury trial under the Seventh Amendment is inextricably intertwined with the legal and factual issues set forth in his Motion to Dismiss and in his Tax Court Rule 162 Motion to Vacate, now on appeal as *Bailey v. CIR*, No. 15-73241. In addition, the "resolution of the issue properly raised" in the petition for mandamus "*necessarily resolves* the pendent issue" in the Motion to Dismiss appeal.

This Court may treat this appeal alternatively as a petition for mandamus for wrongful denial of his jury trial rights under the Seventh Amendment and set a briefing schedule for the parties.

## **CONCLUSION**

For the reasons cited herein, Dr. Bailey respectfully asks this Court to find that it has jurisdiction to hear this case on the merits.

Dated: December 7, 2015

                                       *s/David M. Michael*
                                       DAVID M. MICHAEL

                                       Attorney for Defendant
                                       WILLIAM RICHARD BAILEY

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that, on December 7, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in the case are, or have applied to be, registered CM/ECF users and that service will be accomplished by the CM/ECF system.

>*s/David M. Michael*
>DAVID M. MICHAEL
>
>Attorney for Defendant
>WILLIAM RICHARD BAILEY